# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK MANNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 07381 |
| | ) |
| FORD MOTOR COMPANY, INC., | ) Judge John J. Tharp, Jr. |
| GALLAGHER-KAISER CORPORATION, | ) |
| and ARISTEO CONSTRUCTION | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick Mannes alleges in his amended complaint (Dkt. # 32) that he was injured on July 6, 2011, while working as a sheet metal worker for Vidimos, Inc. on a construction project at the Ford Chicago Assembly Plant. Ford owned the property; Gallagher-Kaiser and Aristeo were general contractors for certain construction work being performed. Mannes alleges that his injuries occurred when he fell from a beam above ground level, where he had been performing sheet metal work. His personal fall arrest equipment failed, and he had to quickly and forcefully grab onto a beam to stop his fall. As a result, he suffered "serious and permanent personal injuries." Defendant Aristeo answered the amended complaint; Ford and Gallagher-Kaiser each move for partial dismissal.

Mannes' complaint contains six "counts" in total. Two counts are asserted against each of the three defendants. One of the counts in each pair is labeled "Construction Negligence" and the other "Premises Liability"; however, each count pertains to the same injury, and the same core factual allegations provide the basis for each. Mannes filed this lawsuit more than two years after his injury, so the defendants argue that the "premises liability" counts must be dismissed because

1

they are barred by the two-year statute of limitations applicable to personal injury actions in Illinois. *See* 735 ILCS 5/13-202. The defendants concede, however, that the longer four-year statute of limitations applicable to construction-related injuries applies to the plaintiff's "construction negligence" counts. *See* 735 ILCS 5/13-214(a).

Mannes contends that the four-year statute applies all counts, without regard to the theory of liability each advances, because he was engaged in construction activity at the time of his injury. He maintains that § 13-214(a) applies whether the defendants are liable for construction negligence or common-law negligence in maintaining the premises where Mannes was injured. And, indeed, the Illinois Supreme Court has held, in closely analogous circumstances, that § 13-214(a) "takes precedence over the general statute of limitations for personal injuries set out in section 13-202" in suits "pertaining to construction-related activities." *Hernon v. E.W. Corrigan Constr. Co.,* 149 Ill. 2d 190, 197, 595 N.E.2d 561, 563 (1992). There, a plaintiff construction worker who "fell while attempting to descend from a roof at a construction site," sued the defendant construction company, filing a complaint that included two counts, one brought under the Illinois Structural Work Act,[1] and the other as a common law negligence claim. Notwithstanding the plaintiff's assertion of two theories of liability, as to which the general personal injury statute of limitations would otherwise have applied, the Illinois Supreme Court held that § 13-214(a) applied to the entire cause of action because it "applies specifically to construction-related activities." *Id.*

The defendants maintain that *Hernon* is distinguishable because the complaint at issue in that case did not allege different causes of action based upon different legal duties. That

---

[1] Repealed in 1995, the Structural Work Act addressed issues relating to "the construction, repairing, alteration, or removal of buildings, bridges, viaducts, and other structures." 740 ILCS 150/0.01 et seq.

2

argument is neither accurate nor relevant. The *Hernon* case did involve two different theories of liability founded on the existence of distinct duties: one count arose from the statutory duties imposed by the Structural Work Act, the other from the common law duty of care. That distinction, moreover, is irrelevant given *Hernon*'s holding: the four-year statute applies to any tort claim "pertaining to construction-related activities." 149 Ill. 2d at 197. So far as Mannes' amended complaint alleges, the only activities on which liability may be founded in this case are construction-related.[2] The complaint alleges, principally and repeatedly, that the defendants failed to ensure the safe and proper operation of the personal fall arrest equipment and other safety equipment being used in conjunction with the construction activities on the site. By contrast, there are no allegations of facts that are unrelated to the construction activity on the site that could give rise to separate liability. Thus, this complaint alleges personal injuries arising from a construction accident; under *Hernon*, the statute of limitations provided by § 13-214(a)

---

[2] By its terms, Section 13-214(a) applies to an "action[] based upon tort, contract, or otherwise against a defendant for an act or omission in "the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." *See Bailey v. Allstate Dev. Corp.*, 316 Ill. App. 3d 949, 958, 738 N.E.2d 189, 196 (1st Dist. 2000); *Blinderman Construction Co. v. Metropolitan Water Reclamation District of Greater Chicago*, 325 Ill. App. 3d 362, 370, 757 N.E.2d 931, 937 (1st Dist. 2001). Whether an item is an improvement to real property is a question of law. *Morietta v. Reese Constr. Co.,* 347 Ill. App. 3d 1077, 1081, 808 N.E.2d 1046, 1050 (5th Dist. 2004) (citing *Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill.2d 1, 605 N.E.2d 555 (Ill. 1992)). For purposes of Section 13-214, the Illinois Supreme Court has adopted the Black's Law Dictionary definition of "improvement," which is "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." *Rockwell Graphic Systems, Inc*., 153 Ill.2d at 3; *see Morietta*, 347 Ill. App. 3d at 1081, 808 N.E.2d at 1049-1050. In this case, given the facts as alleged in the complaint, taken as true, there is no serious debate that Mannes, whose accident occurred while performing sheet-metal work on the construction of a new plant facility (*i.e.,* an "improvement"), alleges an injury from construction-related activity within the meaning of § 13-214(a).

governs the entire cause of action regardless of how many alternative theories of liability the plaintiff has advanced or what he has labeled them. 149 Ill. 2d at 197; *see also Armstrong v. Guigler*, 174 Ill. 2d 281, 286, 673 N.E. 2d 290, 293 (1996) ("The determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.").

None of this is to suggest that, had the plaintiff pled separate facts that supported a premises liability theory but were unrelated to the construction activities on the site, the four-year statute would apply to the entire suit. That case (which is not this case) would be distinguishable from *Hernon*, because it would present two claims—founded on different events and conditions—rather than one. Defining the nomenclature is helpful to understand the distinction. The defendants maintain that Mannes has asserted two claims, one for premises negligence and one for construction negligence. That misconstrues the term "claim." A "claim" (short for "claim for relief") is an entitlement to a legal remedy for injuries arising from a single set of operative facts. *See Black's Law Dictionary* (9th ed. 2009) (defining "claim" as "the aggregate of operative facts giving rise to a right enforceable by a court"); *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 384, 399 (7th Cir. 20120) ("One claim supported by multiple theories does not somehow become multiple claims.").

A "count" is not a claim *per se*, but rather the articulation of a legal theory on which a claim may be premised; there may be more than one legal theory advanced in support of a single claim, and those alternative theories may (but need not be) set forth in separate counts. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or

4

hypothetically, either in a single count . . . or in separate ones").[3] A plaintiff need not plead legal theories at all, however; the complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery"). No matter how many legal theories, or "counts," a plaintiff may assert, they constitute a single "claim" to the extent premised on the same facts; "different legal theories . . . do not multiply the number of claims for relief." *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("One set of facts producing one injury creates one claim for relief.").

Here, there is but one set of operative facts, which are alleged to give rise to tort liability under two different legal theories.[4] Thus, there is one claim, and it arises from facts pertaining to construction-related activities. Therefore, consistent with *Hernon*, the four-year statute of limitations set forth in § 13-214(a) governs the single claim set forth in the amended complaint. Therefore, the partial motions to dismiss of defendants Ford Motor Company [35] and Gallagher-Kaiser Corporation [50] are denied.

ENTERED: December 22, 2014

John J. Tharp, Jr.
United States District Judge

---

[3] On the other hand, when there is more than one "claim," each claim founded on a separate transaction or occurrence "*must* be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

[4] The applicability of these theories remains to be seen. But "specifying an incorrect legal theory" in a complaint, which need not identify legal theories at all, "is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).

5